Peelle, J.,
delivered the opinion of the court:
The question in this case arises on the claimant’s motion, in these words:
“Nowcomes the plaintiff, by Frank P. Clark, his attorney* and moves the court for a certificate to the Secretary of the *401 Treasury that be represents the next of kin of Charles Ghequiere.
“The court is further respectfully asked to certify that this claim is not held by assignment or owned by an insurance company.”
The motion is based on the act of March 3, 1899, making appropriations to pay the findings of the Court of Claims, which reads as follows:
“That the Secretary of the Treasury be, and he is hereby, authorized and directed to pay, out of any money in the Treasury not otherwise appropriated, to claimants in this act named the several sums appropriated herein, the same being in full for and the receipt of the same to be taken and accepted in each case as a full and final release and discharge of their respective claims, namely:
* * * * *
“To pay the findings of the Court of Claims on the following claims for indemnity for spoliations by the French prior to July thirtieth, eighteen hundred and one, under the act entitled ‘An act to provide for the ascertainment of claims of American citizens for spoliations committed by the French prior to the thirty-first day of July, eighteen hundred and one:’ Provided, That in all cases where the original sufferers were adjudicated bankrupts the awards shall be made on behalf of the next of kin instead of to assignees in bankruptcy, and the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary ' of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin and the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursements of the awards, namely:
* -x- * * #
“Thomas B. Ghequiere, administrator of the estate of Charles Ghequiere, deceased, three thousand eight hundred _ and forty-nine dollars and sixteen cents.
* * * -X- -X-
“ Provided, however, That any French spoliation claim appropriated for in this act shall not be paid if held by assignment or owned by any insurance company. ”
The paragraph of the motion asking that the court certify to the Secretary of the Treasury that the claimant, as administrator, represents the next of kin of his ■ decedent, Charles *402 Ghequiere, who was the original claimant, is not objected to by the defendants; but that part of the motion asking the court to certify that the “ claim is not held by assignment or owned by anjr insurance compan}1'” is objected to on the ground that the last proviso to the act quoted is a direction to the Secretary of the Treasury and not an authorization to the court to certify in respect thereto.
Under the act of January 29, 1885 (23 Stat. L., 283), conferring-on the court jurisdiction therefor, the court examined into and determined the validity and amount of the claim involved in the action as originally presented, and, as required by section 6 of that act, reported to Congress for final action the facts found and the conclusions of law in relation thereto. That done, the case passed out of the jurisdiction of the court, and no further proceedings 'can be had thereon unless authorized by law.
On the findings and conclusions so reported to Congress the appropriation in question was made, with the proviso: “That in all cases where the original sufferers were adjudicated bankrupts the awards shall be made on behalf of the next of kin instead of to assignees in bankruptcy, and the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to tbe Secretary of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin.”
There is still a further condition, that “the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursements of the awards.”
The proviso is doubly guarded, though having in view the single purpose of payment to the next of kin of those who originally suffered by reason of the illegal acts of France.
In that proviso is found the only authority for the court to act in relation thereto. Beyond that the court can not go, except, of course, to certify, as may be done in any case, to the correctness of the court’s records.
The authority of the Secretary of the Treasury to pay to the persons named in the act the several sums appropriated therefor is restricted by the last proviso in these words: uProvided, however, That any French spoliation claim appro *403 priated for in this act shall not be paid if held by assignment or owned bjr any insurance company.”
Manif estty that is a direction to the Secretary of the Treasury. If the court should assume to ■ go into the question raised, it would in effect be considering a motion for á new trial as to the real party in interest, and, too, after the court has lost jurisdiction of the case.
That we can not do without express authority of law; hence the motion, in so far as it asks the 'court to certify that the “ claim is not held by assignment or owned by any insurance company,” is overruled.
The certificate that the claimant, as administrator, represents the next of kin of Charles Ghequiere, deceased, is ordered issued.